# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00220-CR

---

**Tyrieck Dontrell Smalls, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 75790, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant was convicted of the second-degree felony offense of indecency with a child by sexual contact, *see* Tex. Penal Code § 21.11(a)(1), (d), and sentenced to confinement for eight years in the Texas Department of Criminal Justice.

Appellant raises two issues on appeal. In response to his first issue in which he argues that the appeal should be abated to correct the certification of his right to appeal, this Court abated and remanded the case to the trial court to issue a new certification and, if necessary, to convene a hearing and to issue findings of fact and conclusions of law. *See Smalls v. State*, No. 03-19-00220-CR, 2019 Tex. App. LEXIS 7019, at \*2–3 (Tex. App.—Austin Aug. 13, 2019, order) (mem. op., not designated for publication). On remand, the trial court signed an amended certification that reflects that this case is a plea bargain case but that the trial court has given appellant permission to appeal.

After receiving the supplemental clerk's record containing the amended certification of appellant's right to appeal, this Court reinstated the appeal and advised appellant that he could file a supplemental brief on or before October 9, 2019. Appellant has not filed a supplemental brief. Thus, we address the other issue that he raises in his initial brief.

In his second issue, appellant argues that the judgment should be reformed to recite or attach the terms of the plea bargain rather than to state "N/A" under the "Terms of Plea Bargain" in the judgment. The record reflects that appellant was indicted for the first-degree felony offense of aggravated sexual assault of a child, *see* Tex. Penal Code § 22.021(a)(1)(B)(ii), but, pursuant to a written plea agreement, the State agreed to proceed on the lesser-included second-degree offense of indecency with a child by sexual contact, and appellant agreed to enter an open plea of nolo contendere to the lesser-included offense. Thus, the recitation of "N/A" under the "Terms of Plea Bargain" in the judgment is erroneous. Accordingly, we sustain appellant's second issue.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgment of conviction to show that the "Terms of Plea Bargain" is "open plea to lesser-included offense." As modified, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Modified and, As Modified, Affirmed

Filed:   November 19, 2019

Do Not Publish